John R. Keough, III (JK 6013)
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for Plaintiff
ST SHIPPING AND TRANPORT INC.
111 Broadway, 4th Floor
New York, New York 10006
Telephone: (212) 227-3550

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ST SHIPPING AND TRANSPORT INC.,

                    Plaintiff,

        -against-

GOLDEN FLEECE MARITIME INC.,

                    Defendant.
------------------------------------------------------------------X

ECF CASE

07 Civ. 3730 (DLC)(JCF)

**VERIFIED COMPLAINT**

        Plaintiff ST SHIPPING AND TRANSPORT INC. (hereinafter "ST SHIPPING"), by its attorneys, Waesche, Sheinbaum & O'Regan, P.C., complaining of Defendant GOLDEN FLEECE MARITIME INC. (hereinafter "GOLDEN FLEECE"), alleges, upon knowledge with respect to itself and its own acts and upon information and belief as to all other matters, as follows:

**JURISDICTION**

        1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. The case falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

## THE PARTIES

2. At all times relevant hereto, ST SHIPPING was and still is a corporation duly organized and existing under and by virtue of the laws of Switzerland and with its principal place of business in Switzerland.

3. At all times relevant hereto, GOLDEN FLEECE was and still is an alien business entity duly organized and existing under the laws of Liberia and with an address at 80 Broad Street, Monrovia, Liberia.

## CLAIMS

4. On or about May 30, 2003, GOLDEN FLEECE time chartered the motor tanker "ELLI" to ST SHIPPING for a period of 6 months, with ST SHIPPING having the option to extend this period. The parties subsequently agreed to further extend the charter period to about September 2006. The cargo to be carried under this contract was "crude and/or dirty petroleum products including fuel oil, LSWR, CBFS, condensate etc."

5. In this charter party GOLDEN FLEECE warranted the condition of the vessel, not only at the inception of the charter, but also for the period of the contract.

6. ST SHIPPING fully performed all of its obligations under this charter party.

7. Despite due demand and in breach of the charter, GOLDEN FLEECE failed to maintain the M/T ELLI in its warranted condition. In particular, GOLDEN FLEECE failed to maintain the vessel in compliance with the regulations promulgated to implement the provisions of the International Convention for the Prevention of Pollution from Ships, 1973.

8. A lawsuit between the parties, and arising from this charter party, is presently pending in London, England. The action is in the High Court of Justice, Queen's Bench Division, Commercial Court, under Claim No. 2005 Folio 1090. In that London action ST

SHIPPING has asserted a claim against GOLDEN FLEECE for the losses proximately resulting from the vessel owner's failure to maintain the vessel in its warranted condition.

9. The action before this Court is brought in order to obtain security in favor of ST SHIPPING for its claim against GOLDEN FLEECE. This action is also brought to obtain security for such additional amounts as will cover ST SHIPPING'S anticipated attorney fees and costs in the London litigation, as well as interest, all of which are recoverable as part of ST SHIPPING'S claim under English law.

10. The total amount of ST SHIPPING'S claim against GOLDEN FLEECE sought as security includes:

   a. The losses proximately resulting from the breach by GOLDEN FLEECE of the charter party for the M/T ELLI in the sum of $481,307.94 as stated in Schedule 1 of ST SHIPPING's Amended Defence and Counterclaim in the London proceedings;

   b. Interest, costs, and attorney fees, all inclusive, which are anticipated to at least equal the sum of $250,000, and which are recoverable under English law as part of the ST SHIPPING'S claim in the London proceedings;

   c. For a total claim amount sought to be secured of **$808,307.94**.

11. After investigation, GOLDEN FLEECE cannot be found within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but ST SHIPPING is informed that GOLDEN FLEECE has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due to, or for the benefit of GOLDEN FLEECE, including, but not limited to, assets at, being transferred through, or being transferred and/or wired to or from Calyon and/or Citibank N.A. and/or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

**WHEREFORE**, Plaintiff ST SHIPPING AND TRANSPORT INC. prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant GOLDEN FLEECE MARITIME INC., citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal claim amount of $808,307.94, plus interest, costs, and attorney fees;

b.  That since the Defendant GOLDEN FLEECE MARITIME INC. cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of Defendant GOLDEN FLEECE MARITIME INC., up to and including the amount of **$808,307.94** be restrained and attached, including, but not limited to, any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held, or being transferred for the benefit of Defendant GOLDEN FLEECE MARITIME INC. including, but not limited to, such assets as may be held, received, or transferred in its name or as may be held, received, or transferred for its benefit, at, through, or within the possession, custody, or control of such banking institutions including, but not limited to, Calyon and Citibank N.A. and any such other garnishees upon whom a copy of the Process of Maritime Attachment and Garnishment issued herein may be served;

c.  That the Court enter an order that, to the extent judgment is rendered against Defendant GOLDEN FLEECE MARITIME INC. in the High Court in London, this Court adopts such judgment as a judgment of this Court; and

d.  That Plaintiff ST SHIPPING AND TRANSPORT INC. have such other, further, and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      May 10, 2007

                                      **WAESCHE, SHEINBAUM & O'REGAN, P.C.**
                                      Attorneys for Plaintiff
                                      ST SHIPPING AND TRANSPORT INC.

                                      By: _____s/_____
                                            John R. Keough, III (JK 6013)
                                            111 Broadway, 4th Floor
                                            New York, New York  10006
                                            (212) 227-3550

## VERIFICATION

STATE OF NEW YORK    )
                     : 
COUNTY OF NEW YORK   )

JOHN R. KEOUGH, III, being duly sworn, deposes and says:

1. That I am a member of the Bar of this Court and am an officer of Waesche, Sheinbaum & O'Regan, P.C., attorneys for the Plaintiff herein.

2. That I have read the foregoing Complaint and know the contents thereof, and that the same are true to the best of my knowledge, except those matters alleged upon information and belief, and as to those I believe them to be true.

3. That the source of my information and the grounds for my belief as to all matters are documents in the possession of my firm and information provided by the Plaintiff by way of written communications with its representatives.

4. That I am authorized to make this verification on behalf of the Plaintiff.

5. That the reason this verification is made by me and not by the Plaintiff is that the Plaintiff is a foreign corporation, with no officers or directors presently within this District.

_____
JOHN R. KEOUGH, III

Sworn to before me this
10th day of May, 2007

_____
NOTARY PUBLIC

SHARON J. POYNTZ
NOTARY PUBLIC, State of New York
No. 43-4820992 Qualified in Richmond County
Certificate Filed in New York County
Commission Expires February 28, 2011

6